UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORPORATION,

    Plaintiff,

v.                                              CASE No. 8:08-CV-1923-T-33TGW

COOK SYSTEMS, LLC, et al.,

    Defendants.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Defendants' Motion to Dismiss (Doc. 3) and the plaintiff's response thereto (Doc. 7). In their motion, the defendants, Cook Systems, LLC, and Randolph V. Cook, seek to dismiss counts III, IV, V, and VI of the third amended complaint for failing to state a claim for relief (Doc 3, p. 1).[1] As the plaintiff has alleged sufficient plausible facts to support the claims, I recommend that defendants' motion to dismiss be denied.

---

[1] Defendant Cook Systems, LLC, is referred to erroneously in defendants' motion as Cook Systems, Inc. (Doc. 3). That error was subsequently corrected (Doc. 11).

I.

Citadel Commerce Corporation ("Citadel") and Cook Systems, LLC, entered into a product development agreement on June 30, 2004 (Doc. 1, ¶8). Cook Systems agreed to develop certain technology so that SecureSwipe, a portable device that performs USB PIN-debit transactions, could be produced (id., ¶6). Citadel's Director of Operations, Mr. Callen van den Broeck, led the product's trial and marketing in South Africa (id., ¶¶ 12, 13). Van den Broeck had entered a consulting agreement with Citadel (id., ¶38).

Subsequently, van den Broeck secured a deal with a South African company, TradeRoot Technologies, LTD, who required Bluetooth wireless, rather than USB, technology (id., ¶13). Thereafter, the defendants, Randolph Cook and Cook Systems, represented to Citadel that SecureSwipe could be modified to support Bluetooth connectivity (id.). Citadel, based on those representations, then entered into a "Co-operations Agreement" with TradeRoot (id., ¶14).

Citadel alleges that the defendants' representations were not accurate and that the prototype was delayed (id., ¶15). However, twenty test products were eventually delivered in early 2008 (id., ¶16). TradeRoot,

impressed with the product, indicated it would like to purchase additional units (id.). Citadel also states that it invested in a PIN injection facility, among other things, for the SecureSwipe device (id., ¶34).

Thereafter, van den Broeck communicated to Cook that the plaintiff intended to withdraw from the TradeRoot project (id., ¶17). He also allegedly suggested to the defendants ways to revoke the plaintiff's exclusive right to distribute and market SecureSwipe (id.). Citadel, however, made it clear to the defendants that it did not intend to withdraw from the TradeRoot project (id., ¶18). The defendants subsequently terminated the product development agreement due to "lack of orders" (id., ¶20).

Citadel alleges that the termination was a breach of the contract, because a second addendum to the product development agreement removed all order requirements (id.). As a result, Citadel, alleging breach of contract in count I, seeks damages for its loss of the TradeRoot project, its exclusive marketing right of SecureSwipe, and the benefit of its investment in the product's development (id., ¶22).

The plaintiff also alleges other claims, including unjust enrichment (count III), tortious interference with existing contracts (count IV), tortious interference with advantageous business relationships (count V),

and violation of the Florida Deceptive and Unfair Trade Practices Act, §201.202, Fla. Stat. (count VI) (Doc. 1). As indicated, the defendants have moved to dismiss those four claims (Doc. 3). The motion was referred to me for a report and recommendation (Doc. 8).

## II.

A complaint may be dismissed upon motion under Rule 12(b)(6), F.R.Civ.P., for "failure to state a claim upon which relief can be granted." Recently, the United States Supreme Court retired the standard in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of a stricter pleading standard. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Thus, although a complaint does not need detailed factual allegations, a formulaic recitation of the elements of a cause of action will not do. Id. at 1964-65. Rather, factual allegations must be enough to raise a right to relief above the speculative level, based on the assumption that the allegations are true (even if doubtful in fact). Id. at 1965.

The Eleventh Circuit in <u>Watts v. Florida International University</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(citations omitted), summarized the principles established by <u>Twombly</u> as follows:

> The Supreme Court's most recent formulation of the pleading specificity standard is that "stating such a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. The standard is one of "plausible grounds to infer." The Court has instructed us that the rule "does not impose a probability requirement at the pleading stage" but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. It is sufficient if the complaint succeeds in "identifying facts that are suggestive enough to render [the element] plausible."

The Eleventh Circuit made clear that it remains the law that on a Rule 12(b)(6) motion to dismiss the pleadings are construed broadly, and the allegations in the complaint are viewed in the light most favorable to the plaintiff. 495 F.3d at 1295.

### III.

The defendants' motion to dismiss is a perfunctory one that attempts to dismiss four claims in a motion and memorandum of only six pages. That attempt is unsuccessful.

#### A. <u>Count III, Quantum Meruit/Unjust Enrichment</u>

The plaintiff has titled count III "Quantum Meruit/Unjust Enrichment." Quantum meruit and unjust enrichment are separate legal theories. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 806-07 (11th Cir. 1999). The parties, however, have addressed the claim as only one for unjust enrichment. It is appropriate for the court to do the same.

A claim for unjust enrichment is an equitable claim based on a legal fiction created by courts to imply a contract as a matter of law. Id. at 805 (applying Florida law). Thus, "[a]lthough the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, 'create' an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." Id.

To prevail under this theory, the plaintiff must prove that (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Id. Further, the benefit conferred must be a "direct" benefit. Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fl., N.A., 667

So.2d 876, 879 (Fla. App. 1996). The most significant requirement for a recovery on this theory is that the enrichment to the defendant be unjust. Tooltrend, Inc. v. CMT Utensili, SRL, supra, 198 F.3d at 808.

Among other things, Citadel alleges, as an alternative to its breach of contract claim, that the defendants retained a benefit from the investments it made in SecureSwipe (Doc. 1, ¶¶ 33-36). Thus, Citadel alleges (id., ¶34):

> Independent of the PDA, Citadel Commerce funded other aspects of SecureSwipe's development including, among other things, creating the SecureSwipe PIN injection facility, conducting security audits, and responding to intellectual property disputes concerning the device. Cook and Cook Systems received a benefit from these investments by Citadel Commerce which provided additional value to the SecureSwipe devices. However, due to the actions of Cook and Cook Systems, Citadel Commerce was denied the benefit of its investments.

The defendants argue that this count fails to state a claim for relief because no implied agreement may exist where there is an express agreement between the parties and the claim incorporates a written agreement between the parties (Doc. 3, ¶¶ 1, 7). However, it is well-settled that

inconsistent and alternative pleading is permitted under the Federal Rules of Civil Procedure. Rule 8(d)(2), (3), F.R.Civ.P.

A breach of contract claim and an unjust enrichment claim are alternative claims and, until an express enforceable contract is proven, the equitable claim of unjust enrichment is not barred. Williams v. Bear Stearns & Co., 725 So.2d 397, 400 (Fla. App. 1998); Manicini Enterprises, Inc. v. American Express Co., 236 F.R.D. 695, 699 (S.D. Fla. 1996). Therefore, "if for any reason the plaintiff fails in his proof of the express contract, he may have an opportunity to at least recover the value of the work ... upon an implied contract." ThunderWave, Inc. v. Carnival Corp., 954 F. Supp. 1562, 1566 (S.D. Fla. 1997)(quoting Hazen v. Cobb-Vaughan Motor Co., 117 So. 853 (Fla. 1928)); see also Doe v. Univision Television Group, Inc., 717 So.2d 63, 65 (Fla. App. 1998); Corbin on Contracts, (rev. ed.), vol. 1, §1.20, p. 65 ("Quasi contract ... often arises in the context of a true contract.... If the true contract ... is unenforceable, quasi contract is often employed to resolve the rights of the parties.").

Here, the existence of an express enforceable contract is alleged, but has not been proven. Therefore, until it is proven, it is premature to state

that the plaintiff's unjust enrichment claim is duplicative. Accordingly, the defendants' argument that the implied-in-law claim should be dismissed because it is based upon the existence of an express contract is meritless.

The defendants argue further that the complaint fails to allege defendants' knowledge of any benefit (Doc. 3, pp. 3-4). This contention is also unpersuasive. The circumstances alleged in the complaint clearly imply that the defendants were aware of the funding of the injection facility, security audits, and intellectual property disputes (see Doc. 1, ¶34). Therefore, the defendants' contention that the element of knowledge was not adequately pled fails.

For these reasons, I recommend that the motion to dismiss be denied as to count III.

### B. Count IV, Tortious Interference with Contract Rights

The plaintiff alleges in count IV of the complaint that the defendant unjustifiably interfered with the agreements with van den Broeck and with TradeRoot (id., ¶¶ 37-41). The defendants assert that this count of the complaint fails to state a claim upon which relief can be granted (Doc. 3, ¶¶ 9-12).

The elements of a tortious interference claim are: (1) the existence of a business relationship, (2) knowledge of the relationship on the part of the defendant, (3) an intentional and unjustified interference with the relationship by the defendant, and (4) damage to the plaintiff as a result of the breach of the relationship. Gossard v. Adia Services, Inc., 723 So.2d 182, 184 (Fla. 1998). These elements state a cause of action for tortious interference with a business relationship. Id. at 184. Tortious interference with contract rights is included within the definition of "tortious interference with a business relationship." Smith v. Ocean State Bank, 335 So.2d 641, 642 (Fla. App. 1976).

The defendants contend that "[t]here is no allegation that Defendant's conduct in any way caused or induced any breach of the agreements with [van den] Broeck and/or Traderoot, nor is there any allegation whatsoever that [van den] Broeck and/or Traderoot even breached the subject agreements ... [or] that the alleged damages ... were the result of the Defendants' actions" (Doc. 3, ¶12). However, this argument lacks merit.

The plaintiff clearly alleges that it entered into agreements with van den Broeck and TradeRoot and that the defendants were aware of the agreements (Doc. 1, ¶38). Citadel alleges further that the defendant's conduct "interfer[ed], without any justification or privilege to do so, with Citadel Commerce's known contractual relationships with van der Broeck and TradeRoot," and it was, therefore, denied benefits to which it was entitled under the agreements (id., ¶¶ 38, 40, 41). This sufficiently pled causation. See Gossard v. Adia Services, Inc., supra, 723 So.2d at 185 n.1; Miami Laundry Co. v. Sanitary Linen Service Co., 131 So.2d 519 (Fla. App. 1961)(a claim for interference with contract rights is stated when it alleges that one induced a breach by a contracting party). Citadel also clearly states, "[a]s a result of Cook's and Cook Systems' tortious interference with those existing relationships, Citadel Commerce has suffered damages from being denied commercial opportunities as the exclusive marketing agent for SecureSwipe technology" (Doc. 1, ¶41).

Therefore, I recommend that the defendants' motion to dismiss be denied as to count IV.

### C. Count V, Interference with Advantageous Business Relationships

As explained, the elements under this count are essentially the same as count IV. Gossard v. Adia Services, Inc., supra, 723 So.2d at 184.

The defendants contend that Citadel failed to allege that it had any reasonable expectation that the relationships with van den Broeck and TradeRoot would be ongoing (Doc. 3, ¶13). However, the plaintiff alleged that the relationships "were for the promotion and sale of SecureSwipe and Citadel Commerce's payment processing products" (Doc. 1, ¶43). The plaintiff also alleged that it had arranged for van den Broeck to relocate to South Africa to pursue business with TradeRoot (id., ¶13). Moreover, the alleged damages are based, in part, on TradeRoot's indication that it wished to purchase additional units (id., ¶16).

The defendants' contentions that Citadel failed to claim that the defendants "induced [van den] Broeck and/or TradeRoot to not consummate any business with the Plaintiff" and that "there is no allegation that the alleged damages ... were the result of the Defendants' actions," are also meritless (Doc. 3, ¶14). Citadel, in its complaint, reiterated the challenged

communication and stated "Cook and Cook Systems have undertaken unjustified efforts to interfere and circumvent Citadel Commerce's business relationships with TradeRoot and van den Broeck" (Doc. 1, ¶44). Further, the plaintiff alleged that the defendants' interference resulted in damages (see id., ¶45).

Therefore, I recommend that the defendant's motion to dismiss be denied as to count V.

### D. Count VI, Florida Deceptive and Unfair Trade Practices Act

The defendants also seeks dismissal of the plaintiff's claim under the Florida Deceptive and Unfair Trade Practices Act (Doc. 3, ¶¶ 15-17). The defendants assert only that the plaintiff is improperly seeking consequential damages under the statute (id.). Count VI contains no such allegation. Rather, it expressly seeks only actual damages (Doc. 1, ¶¶ 47, 49). I therefore recommend that the defendant's motion to dismiss be denied as to count VI.

### IV.

In sum, taking the allegations stated in the complaint as true, each of the challenged counts of the complaint states a cognizable claim. I

-13-

therefore recommend that the defendant's Motion to Dismiss (Doc. 3) be denied.

                                Respectfully submitted,

                                THOMAS G. WILSON
                                UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 20, 2008

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).