UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORP.,

        Plaintiff,
v.                       Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, INC. and RANDOLPH
V. COOK,

        Defendants.
_____/

### **ORDER**

This matter comes before the Court pursuant the motions of Henry T. Sorensen, II, Esq. and the Law Offices of Henry T. Sorensen II, P.A. to withdraw as counsel for Defendants (Doc. # 25) and for a 30 day stay of the proceedings in this case (Doc. # 27). Plaintiff opposes the motions. (Doc. # 26). For the reasons that follow, this Court denies the motion to withdraw without prejudice and denies the motion to stay with prejudice.

### **Analysis**

Attorney Sorensen and his lawfirm represent Defendant Cook Systems, Inc., a corporation and Defendant Randolph V. Cook, an individual. As grounds for withdrawal, Sorensen represents "Sorensen and the Law Firm have personal and business issues that preclude further representation of the Defendants." (Doc. # 27 at 1). Sorensen further represents, "without divulging the exact nature of the good cause,

Sorensen and the Law Firm represent as officers of the Court that Sorensen is going through personal matters right now that have a direct effect on the amount of time that the Law Firm may devote toward this matter. In Sorensen's opinion, continued representation would be a disservice to the Defendants as Sorensen is unable to devote the required time necessary to properly prepare this case for trial and address all matters between now and such time." (Id. at 3).

As noted above, Sorensen seeks to withdraw from representing Defendants and also seeks a 30 day stay of this case so that Defendants may hire new counsel.

Plaintiff correctly identifies that a corporation must be represented by counsel and cannot appear *pro se.* Local Rule 2.03(e), M.D. Fla. See also Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."). Further, under Local Rule 2.03(c), M.D. Fla., leave to withdraw shall not be given, "absent compelling ethical considerations, if such withdrawal would likely cause continuance or delay."

In this case, it appears that Sorensen's withdrawal would cause a dely in the proceedings. This is evidenced by Sorensen's request for a 30 day stay to afford Defendants an

opportunity to find new counsel. Furthermore, Sorensen has not provided this Court with compelling circumstances justifying withdrawal in this case. Upon due consideration, this Court will grant the motion to withdraw only upon a showing that substitute counsel is available to represent Cook Systems, Inc. As such, the motion to withdraw is denied without prejudice and the motion to stay is denied with prejudice.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Sorensen's motion to withdraw as counsel (Doc. # 25) is denied without prejudice. This Court will grant a future motion to withdraw only upon a showing that substitute counsel is available to represent Cook Systems, Inc.

(2) Defendants' motion to stay (Doc. # 27) is denied with prejudice.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of March, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record