UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORP.,

    Plaintiff,

v.

    Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, LLC and
RANDOLPH V. COOK,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas G. Wilson's report and recommendation (Doc. # 20), filed on December 22, 2008, recommending that Defendants' motion to dismiss (Doc. # 3), be denied.

On December 31, 2008, Defendants filed objections to the report and recommendation (Doc. # 21), and on January 14, 2009, Plaintiff filed its response in opposition to Defendants' objections. (Doc. # 22).

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and

recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983).

In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, <u>Garvey v. Vaughn</u>, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions de novo, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. S. Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>Castro Bobadilla v. Reno</u>, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), <u>aff'd</u>, 28 F.3d 116 (11th Cir. 1994) (Table).

## I. **Analysis**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. <u>Jackson v. Bellsouth Telecomms.</u>, 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. <u>Stephens v. Dep't of Health & Human Servs.</u>, 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in

[the] complaint and all reasonable inferences therefrom are taken as true.") However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted).

Under this standard, this Court accepts as true the following facts, as set forth in Plaintiff's complaint. Plaintiff and Defendants entered into a product development agreement on June 30, 2004. (Doc. # 1 at ¶ 8). The product to be developed was "a portable device . . . that could read bar codes and accept PIN-code verifications . . . known as the IDstick." (Id. at ¶ 6). The IDstick includes "handheld device technology consisting of hardware, software, firmware, interface, circuitry, cryptographic algorithms, biometric sensors, and other components used to determine a person's identity, verify/authenticate the identity, perform data encryption/decryption, provide account information

storage and retrieval and other functions." (Id. at ¶ 7).

Defendants agreed to develop the IDstick technology, and Plaintiff agreed to finance the operation. (Id. at ¶ 8). The end product was to be known as "SecureSwipe." (Id.) In return for the financing, Plaintiff "received the exclusive worldwide rights to distribute SecureSwipe for use within the Gaming and General Services Markets." (Id.)

Plaintiff kept its part of the agreement by funding the development of the product, particularly by creating and staffing a "pin injection facility." (Id. at ¶ 9). As explained by Plaintiff, the facility was located in Plaintiff's own building in Burnaby, Canada and was "designed to create and download (or 'inject') a unique encryption key into each SecureSwipe device prior to shipment to a customer." (Id.)

Due to Plaintiff's investment into the pin injection facility and related expenses, the parties agreed upon an addendum to their original product development agreement. (Id. at ¶ 10).[1] Despite Plaintiff's continued capital contributions, Defendants were nearly a year late in

---

[1] Plaintiff attached to the complaint both the product development agreement and the addendum, among other things. (Doc. # 1-2).

delivering the first prototype of the SecureSwipe to Plaintiff. (Id. at ¶ 11). Due to Defendants' tardiness in developing the product, the parties agreed to remove any minimum purchase requirements for Plaintiff under the parties' agreements. (Id.)

Thereafter, Defendants delayed production of the SecureSwipe, circumvented and interfered with Plaintiff's contractual relationship with its potential customer, TradeRoot, and improperly interfered with Plaintiff's relationship with its key employee, Callen van den Broeck. (Id. at ¶¶ 13-22). Leaving Plaintiff without the product it funded and with Plaintiff's potential deal with TradeRoot in shambles, Defendants terminated the contract with Plaintiff. (Id. at ¶ 20).

Plaintiff filed suit against Defendants on September 26, 2008, alleging breach of contract (counts I and II), unjust enrichment (count III), tortious interference with existing contracts (count IV), tortious interference with advantageous business relationships (count V), and violation of Florida's Deceptive and Unfair Trade Practices Act (count VI). (Doc. # 1).

On October 17, 2008, Defendants filed a motion to

dismiss complaint counts III, IV, V, and VI pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. # 3). On November 3, 2008, Plaintiff filed a response in opposition to the motion to dismiss. (Doc. # 7). This Court referred the ripe motion to dismiss to Judge Wilson for the issuance of a report and recommendation. (Doc. # 8). Judge Wilson issued his report and recommendation on December 22, 2008, recommending that the motion to dismiss be denied. (Doc. # 20).

**A.   Unjust Enrichment**

To survive a motion to dismiss, a claim for unjust enrichment must allege: (1) the plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) the defendant has voluntarily accepted and retained the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff. Tooltrend, Inc. v. CMT Utensili, SRL, 198 F.3d 802, 805 (11th Cir. 1999).

In their motion to dismiss, Defendants argued that Plaintiff's unjust enrichment count lacked the required allegation that Defendants knowingly received a benefit from

Plaintiff. In addition, because Plaintiff's complaint also alleged breach of contract, Defendants asserted that the unjust enrichment claim should be dismissed as a matter of law: "Under Florida law, no implied agreement may exist where an express agreement exists between the parties." (Doc. # 3 at 1).

Judge Wilson recommends that the motion to dismiss be denied as to count III. Defendants present the same arguments that they presented in the motion to dismiss in the form of objections to the report and recommendation, and this Court overrules the objections as follows.

### 1. **Knowing Acceptance of Conferred Benefit**

As to the allegation that Plaintiff failed to allege that Defendants knowingly accepted the benefit of Plaintiff's investment, Judge Wilson acknowledges that Plaintiff's complaint does not expressly state that Defendants were aware of the benefits conferred by Plaintiff. However, Judge Wilson reasons: "the circumstances alleged in the complaint clearly imply that the Defendants were aware of the funding of the injection facility, security audits, and intellectual property disputes." (Doc. # 20 at 9). On this point, Plaintiff

-7-

reiterates that the factual circumstances of this case, regarding the business venture that Plaintiff and Defendants jointly created, make it obvious that Defendants were aware of Plaintiff's contributions. This Court agrees with Judge Wilson and with Plaintiff. The Defendants were obviously aware of Plaintiff's continued funding and capital contribution in the PIN injection facility, and this is evidenced by the January 12, 2005, "Addendum" to the product development agreement, in which Defendants acknowledged Plaintiff's contributions. (Doc. # 1-2 at 24). While Plaintiff's complaint could be improved upon, specifically by adding the word "knowingly" as to count III's allegations, this Court is not inclined to dismiss count III based on this technicality. This Court's Rule 12(b)(6), Fed. R. Civ. P., analysis is not so rigid to require dismissal of a count that is supported by the factual allegations as stated in the complaint.

If Defendants honestly contend that they had no knowledge of the benefits conferred by Plaintiff, Defendants can present this factual argument in a motion for summary judgment.

### 2. <u>Unjust Enrichment and Breach of Contract</u>

In addition, as to Defendants' argument that Plaintiff cannot plead both a breach of contract and an unjust enrichment claim, Judge Wilson correctly determined: "A breach of contract claim and an unjust enrichment claim are alternative claims, and until an express enforceable contract is proven, the equitable claim of unjust enrichment is not barred." (Doc. # 20 at 8)(citing <u>Williams v. Bear Stearns & Co.</u>, 725 So.2d 397, 400 (Fla. 5th DCA 1998)).

This Court roundly rejects Defendants' argument that Plaintiff is limited to pleading either a breach of contract claim or a claim for unjust enrichment. <u>See</u> <u>Manicini Enterprises, Inc. v. Am. Exp. Co.</u>, 236 F.R.D. 695, 699 (S.D. Fla. 1996)("if for any reason the plaintiff fails in his proof of the express contract, he may have an opportunity to at least recover the value of the work . . . upon an implied contract.").

Thus, this Court overrules Defendants' objections to Judge Wilson's recommendation as to count III.

### B. <u>Tortious Interference</u>

Moving on to count IV for tortious interference with existing contracts and count V for tortious interference

with advantageous business relationships, Judge Wilson examined the elements required to prevail on these specific causes of action under Florida law.

As explained by Judge Wilson, the required elements for counts IV and V are essentially the same. To survive a motion to dismiss, a claim for tortious interference with a business relationship must allege: (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. Gossard v. Adia Servs., Inc., 723 So.2d 182, 184 (Fla. 1998). To state a claim for tortious interference with a contract right, a plaintiff must allege (1) the existence of a contract; (2) knowledge of the contract on the part of the defendant; (3) an intentional procurement of the breach of the contract; and (4) resulting damages. Smith v. Ocean State Bank, 335 So.2d 641, 642 (Fla. 1st DCA 1976).

Plaintiff's well pleaded complaint contains allegations which comport with the standards set forth in Gossard and Smith. Essentially, Plaintiff alleges that Defendants

intentionally undermined Plaintiff's relationships with its employees, its potential customers, and the underlying contracts and dealings that these relationships were built upon. Defendants were aware of the contracts and relationships and Defendants' interference damaged Plaintiff. Defendants' objections to Judge Wilson's report and recommendation on count IV and V are devoid of case analysis. It appears that Defendants' primary concern is the lack of specificity in the complaint. However, at this stage of the proceedings, where notice pleading controls, Plaintiff's complaint is adequate. See Rule 8(a), Fed. R. Civ. P. Defendants' objections to Judge Wilson's report and recommendation as to counts IV and V are overruled.

### C. **Florida's Deceptive and Unfair Trade Practices Act**

Plaintiff's sixth and final complaint count against Defendants is asserted under Florida's Deceptive and Unfair Trade Practices Act. Fla. Stat. Section 501.201. The Florida Legislature enacted the FDUTPA to protect against any "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.204(1); see also Bavaro Palace, S.A. v. Vacation Tours, Inc., 203 F.

Appx' 252, 256 (11th Cir. 2006).  To state a claim under FDUTPA, a plaintiff must allege: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. Rollins, Inc. v. Butland, 951 So.2d 860, 869 (Fla. 2d DCA 2006).  The Rollins court also explained that, under FDUTPA, actual damages do not include consequential damages. Id.

Here, Defendants contend that Plaintiff is attempting to seek consequential damages under FDUTPA.  Judge Wilson correctly noted that Plaintiff seeks only actual damages, and not consequential damages, under FDUTPA.  After independently reviewing Plaintiff's complaint, this Court agrees with Judge Wilson that Plaintiff's count under FDUTPA seeks actual damages only.  Thus, this Court overrules Defendants' objections to Judge Wilson's report and recommendation as to count VI.

In conclusion, this Court determines that it is appropriate to overrule Defendants' objections to the report and recommendation.  Accordingly, this Court adopts Judge Wilson's report and recommendation and determines that the motion to dismiss should be denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Thomas G. Wilson's report and recommendation (Doc. # 20) is **ACCEPTED** and **ADOPTED.**

(2) Defendants' motion to dismiss (Doc. # 3), is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of May, 2009.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record