```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF FLORIDA
         TAMPA DIVISION
```

CITADEL COMMERCE CORP.,

               Plaintiff,
v.                                 Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, INC. and RANDOLPH
V. COOK,

               Defendants.
_____/

## **ORDER**

This matter comes before the Court *sua sponte*. Local Rule 2.03(e), M.D. Fla., precludes corporations from appearing *pro se.* Cook Systems, Inc., a corporation, has been without counsel since the Court granted Defendants' counsel's motion to withdraw as attorney on May 7, 2009. (Doc. # 33). The Court directed Cook Systems, Inc. to obtain new counsel within twenty days of the date of its order or face sanctions and the entry of a default. (Id.) Cook Systems, Inc. failed to comply with the Court's directives.

As of this date, Cook Systems, Inc. remains without counsel. "When a party . . . has failed to plead or otherwise defend . . . , and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default". Fed. R. Civ. P. 55(a). Local Rule 2.03(e), M.D. Fla., states that corporations may only appear and be heard through counsel.

A district court may default a defendant pursuant to Rule 55(a) for failure to follow the Local Rules. See, e.g., Compania Interamericana Export, Import, S.A., v. Compania Dominicana de Avaiacion, 88 F.3d 948 (11th Cir. 1996). In Interamericana Export, the Eleventh Circuit upheld a district court's decision to default a corporation for failure to obtain counsel. Id. at 951-52. The district court's primary reason for entering a default was Dominicana's failure to retain new counsel after the court allowed withdrawal of its former counsel. Id. at 950. Dominicana contended that it experienced financial difficulties resulting in an inability to obtain new counsel. Id.[1]

The court noted that Dominicana's difficulties may have been "real" and its noncompliance was not likely "willful" in a strict sense, but found the entry of default appropriate nonetheless. Id. at 952. In upholding the entry of default, even when Dominicana obtained counsel after the deadline passed, the Eleventh Circuit reasoned that, although some courts had specifically considered culpability or willfulness in upholding defaults, "if a party willfully defaults by

---

[1] In the present case, Cook Systems, Inc. has offered no justification for its blatant failure to comply with this Court's order to obtain counsel.

displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." Id. (internal citations omitted). Entry of default is a proper sanction for a defendant corporation's failure to obtain counsel. See e.g. Kaplun v. Lipton, No. 06-20327-CIV, 2007 WL 707383 (S.D. Fla. Mar. 5, 2007) (entering default judgment against corporate defendant for failure to obtain counsel per court order); Tumi v. Wally's Waterfront, Inc., No. 2:05-cv-551-FtM-29SPC, 2007 WL 678013 (M.D. Fla. Mar. 5, 2007) (finding entry of default judgment appropriate after corporate defendant failed to obtain counsel as directed by court).

This Court has given Cook Systems, Inc. ample opportunity to comply with the Local Rules of this Court as well as this Court's order, and as of the date of this order, Cook Systems, Inc. remains in noncompliance. This Court need not inquire into Cook Systems, Inc.'s subjective intent. Default is appropriate because Cook Systems, Inc.'s objective actions are constructively willful. This Court now finds default appropriate.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Within **TEN** (10) days of the date of this Order, Citadel Commerce Corporation, Inc. shall file a Motion for Default Judgment against Cook Systems, Inc. pursuant to Rule 55 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>1st</u> day of June, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
Cook Systems, Inc.