UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORP.,

    Plaintiff,

v.     Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, LLC, and RANDOLPH
V. COOK,

    Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff's Motion for Default Judgment (the "Default Motion" Doc. # 35), which was filed on June 11, 2009. For the reasons that follow, this Court will grant the Default Motion as to Defendant Cook Systems, LLC.

**I.  Factual and Procedural Background**

Plaintiff Citadel Commerce Corporation ("Citadel") and Defendants Cook Systems, LLC and Randolph V. Cook entered into a product development agreement ("PDA") on June 30, 2004. (Doc. # 1 at ¶ 8). The product to be developed pursuant to the PDA was "a portable device . . . that could read bar codes and accept PIN-code verifications . . . known as the IDstick." (Id. at ¶ 6). The IDstick includes "handheld device technology consisting of hardware, software, firmware, interface, circuitry, cryptographic algorithms, biometric

sensors, and other components used to determine a person's identity, verify/authenticate the identity, perform data encryption/decryption, provide account information storage and retrieval and other functions." (Id. at ¶ 7).

Defendants agreed to develop the IDstick technology, and Citadel agreed to finance the operation. (Id. at ¶ 8). The end product was to be known as "SecureSwipe." (Id.) In return for the financing, Citadel "received the exclusive worldwide rights to distribute SecureSwipe for use within the Gaming and General Services Markets." (Id.)

Citadel kept its part of the PDA by funding the development of the SecureSwipe product, particularly by creating and staffing a "pin injection facility." (Doc. # 1 at ¶ 9). The facility was located in Citadel's own building in Burnaby, Canada and was "designed to create and download (or 'inject') a unique encryption key into each SecureSwipe device prior to shipment to a customer." (Id.)[1]

Defendants failed to honor the terms of the PDA. Particularly, Defendants delayed production of the SecureSwipe, circumvented and interfered with Citadel's contractual relationship with its potential customer,

---

[1] Plaintiff attached the PDA, as well as other pertinent documents, to both the complaint and the Default Motion.

TradeRoot, and improperly interfered with Citadel's relationship with its key employee, Callen van den Broeck. (Id. at ¶¶ 13-22). Leaving Citadel without the product it funded and with Citadel's potential deal with TradeRoot in shambles, Defendants terminated the contract with Citadel. (Id. at ¶ 20).

Citadel filed suit against Defendants on September 26, 2008, alleging breach of contract (counts I and II against Cook Systems, LLC), unjust enrichment (count III against Cook Systems, LLC and Randolph Cook individually), tortious interference with existing contracts (count IV against Cook Systems, LLC and Randolph Cook individually), tortious interference with advantageous business relationships (count V against Cook Systems, LLC and Randolph Cook individually), and violation of Florida's Deceptive and Unfair Trade Practices Act (count VI against Cook Systems, LLC and Randolph Cook individually). (Doc. # 1).

On October 17, 2008, Defendants filed both their answer and affirmative defenses to the complaint (Doc. # 4) as well as their motion to dismiss counts III, IV, and V of the complaint. (Doc. # 3). The Court denied the motion to dismiss. (Doc. # 32).

On March 12, 2009, Henry T. Sorensen, II, Esq., counsel for Defendants, sought leave to withdraw his representation of Defendants. (Doc. # 25). On March 24, 2009, after hearing from Citadel, this Court denied the motion to withdraw without prejudice because Sorensen failed to identify substitute counsel for Cook Systems, LLC. (Doc. # 28). The Court reminded Sorensen and Defendants that corporations are "artificial entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (Id. at 2)(citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)).

On April 21, 2009, Sorensen renewed his motion to withdraw, citing family, personal, and health concerns. (Doc. # 29). The Court granted the motion to withdraw based upon the serious issues raised by Sorensen; however, the Court directed Defendants to secure representation of counsel within twenty days or face sanctions, including default. (Doc. # 33 at 3).

Cook Systems, LLC failed to comply with the Court's directive to obtain counsel, and on June 1, 2009, this Court entered a default against Cook Systems, LLC. (Doc. # 34). On June 11, 2009, Citadel filed its Default Motion, seeking a default judgment against both Cook Systems, LLC and Randolph

Cook, individually. (Doc. # 35). Citadel attached the declaration of its president, Michael Meeks, to the Default Motion. (Doc. # 36-3). Meeks asserts that Citadel is entitled to $695,029.22 in damages. The $695,029.22 can be broken down as follows: $487,399.98 in direct payments from Citadel to Cook Systems, LLC, "in conjunction with the development of SecureSwipe under the Product Development Agreement;" $74,429.88 in payments to third parties "related to acquiring interface software and defending the SecureSwipe technology from allegations of patent infringement;" $34,581.86 for Citadel's investment in a secure PIN injection facility; $98,617.50 in payments by Citadel to Callen van den Broeck, "expenses that would not have been incurred by Citadel Commerce but for the PDA." (Doc. # 35-3).

In additional to monetary damages, Citadel also seeks physical possession as well as the right to a non-transferrable license from Cook Systems, LLC in the Escrow Items identified in the PDA.[2] Last, Citadel seeks attorney's fees and costs.[3]

---

[2] The PDA defined Escrow Items to include "development processes, supplier contracts, engineering diagrams, firmware and software." (Doc. # 35-3 at ¶ 13).

[3] Plaintiff does not specify the dollar amount of fees and costs sought. Rather Plaintiff submits that it will provide this information to the Court upon request.

After Citadel filed its Default Motion, Randolph Cook, individually, filed for protection under the United States Bankruptcy Code. (Doc. # 36). On June 19, 2009, the Court stayed the case as against Randolph Cook only. (Doc. # 37). On June 22, 2009, Plaintiff notified the Court of its election to proceed against Cook Systems, LLC. (Doc. # 38).[4]

## II. Default Judgment

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter a party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2); DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself warrant the Court entering a default judgment. See

---

[4] As noted, the Default Motion was filed prior to the initiation of Randolph Cook's bankruptcy proceedings. The automatic stay protects Defendant Randolph Cook. This Court will analyze the Default Motion only to the extent that it is asserted against Cook Systems, LLC, an entity, to this Court's knowledge, that is not in bankruptcy.

Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact and bars the defendant from contesting those facts on appeal. Id. at 1206.[5]

Federal Rule of Civil Procedure 54(b), which governs separate judgments upon multiple claims, provides as follows:

> When more than one claim for relief is presented in an action, .... or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Otherwise, an adjudication of fewer than all the claims or the rights and liabilities of all the parties is not an appealable final decision. In re S.E. Banking Corp., 69 F.3d 1539, 1547 (11th Cir. 1995) (purpose of Rule 54(b) is to prohibit piecemeal appeals).

---

[5] Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

**III. Analysis**

Citadel seeks a final judgment against Cook Systems, LLC in the amount of $695,029.22. After a thorough review of the pleadings, the declaration of Meeks, and the record as a whole, the Court finds that Citadel has stated a valid cause of action for breach of contract (counts I and II), unjust enrichment (count III), tortious interference with existing contracts (count IV), tortious interference with advantageous business relationships (count V), and violation of Florida's Deceptive and Unfair Trade Practices Act (count VI).[6] While Cook Systems, LLC initially questioned the validity of counts III, IV, V, and VI through a motion to dismiss, after the court denied the motion to dismiss, Cook Systems, LLC failed to defend against the complaint allegations. Furthermore, Cook Systems, LLC failed to retain new counsel after Sorensen's withdrawal, despite being warned that under well-settled case law and Local Rule 2.03(e), M.D. Fla., a corporation cannot represent itself.

---

[6] Citadel does not presently seek damages for unjust enrichment (count III). Rather, Citadel has elected to pursue its breach of contract claims, which were presumably pled in the alternative to the unjust enrichment claim.

Because the Default Motion was filed prior to Randolph Cook's bankruptcy proceedings, the Default Motion is asserted against both Cook Systems, LLC and Randolph Cook, individually. At the time of the filing of the Default Motion, it was, thus, unnecessary for Plaintiff to discuss the possibility of a default judgment against one party, only.

Randolph Cook's bankruptcy proceedings require this Court to discuss Federal Rule of Civil Procedure 54(b) governing separate judgments upon multiple claims.[7] Here, Randolph

---

[7] When considering entry of final judgment, the district court should consider the following criteria:

> The Supreme Court has outlined a two-prong analysis for determining whether a judgment should be certified under Rule 54(b). First, the district court must determine whether the judgment is final. Second, the district court must determine whether there is any just reason to delay entry of an individual final judgment. Although a decision to certify a judgment under Rule 54(b) is committed to the sound discretion of the district court, the Eleventh Circuit has indicated that this discretion should be exercised conservatively: Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. As to the first prong, the Supreme Court has explained that the judgment at issue must be a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual

Cook's ultimate liability has yet to be determined, which would seemingly preclude entry of final judgment in this case. However, the Court finds that because it is not clear when Randolph Cook's bankruptcy stay will be lifted, refusal to enter a final judgment against Cook Systems, LLC would preclude Citadel from recovering the damages and other relief to which Citadel is entitled. An entry of judgment against Cook Systems, LLC is final as it stands separate and apart from an entry of judgment against Randolph Cook, individually.

Citadel is entitled to default judgment under Rule 54 and 55 of the Federal Rules of Civil Procedure. Cook Systems, LLC has demonstrated a disregard for the Court's Orders, thus the Court finds that the Default Motion (Doc. # 35) should be granted.

---

> claim entered in the course of a multiple claims action.... As to the second prong, the Eleventh Circuit has directed district courts to balance the judicial administrative interests and relevant equitable concerns.... According to the Eleventh Circuit, consideration of the relevant equitable concerns serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.

See Canadyne-Ga. Corp. v. Bank of Am., Case No. 5:96-cv-114-1, 2001 U.S. Dist LEXIS 20027, *3-4 (M.D. Ga. Dec. 5, 2001) (internal citations and quotations omitted).

As this Court now directs the entry of a judgment against Cook Systems, LLC and because the case has been stayed and administratively closed as to Randolph Cook, this Court finds it appropriate to terminate the remaining pending motions in this case (Doc. ## 9, 14, 24, and 31), which concern discovery and other matters. The parties are free to refile these motions, if appropriate, within ten days after the conclusion of Randolph Cook's bankruptcy proceedings.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

1. The Default Motion (Doc. # 35) is **GRANTED** as against Cook Systems, LLC only. Judgment by default pursuant to Rule 55(b)(2) and 54(b) is entered in favor of Citadel Commerce Corporation and against Cook Systems, LLC.
2. The allegations set forth in the complaint against Cook Systems, LLC are deemed admitted, and Cook Systems, LLC is liable to Citadel for breach of contract, tortious interference with contract, tortious interference with advantageous business relationship, and violation of the Florida Deceptive and Unfair Trade Practices Act.
3. Citadel shall recover from Cook Systems, LLC the sum of $695,029.22.

4. Cook Systems, LLC shall immediately deliver to Citadel all items that constitute Escrow Items as defined in the PDA. Further, Citadel is granted a permanent, non-transferrable license to all items that constitute Escrow Items as defined in the PDA.

5. Citadel may submit a motion to this Court for consideration of reimbursement of reasonable attorney's fees and costs within **TEN DAYS** of the date of this Order.

6. The Clerk is directed to terminate the following pending motions (Doc. ## 9, 14, 24, and 31).

7. The Clerk is directed to enter **JUDGMENT** against Cook Systems, LLC and in favor of Citadel Commerce Corporation as specified above.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of June, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
Cook Systems, LLC