UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORP.,

        Plaintiff,
v.                           Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, LLC, and RANDOLPH
V. COOK,

        Defendants.
_____/

**ORDER**

This matter comes before the Court pursuant to Citadel's Motion for Attorneys' Fees and Costs (the "Fee Motion" Doc. # 41), filed on July 6, 2009, and Citadel's Motion to Enforce Judgment Pursuant to Federal Rule of Civil Procedure 70 and Motion for an Order of Civil Contempt Against Defendant Cook Systems, LLC (the "Contempt Motion" Doc. # 42), filed on July 13, 2009.

Cook Systems has not filed a response to either motion.

## I.   **Factual and Procedural Background**

Citadel and the Defendants (Cook Systems and Randolph V. Cook) entered into a product development agreement ("PDA") on June 30, 2004. (Doc. # 1 at ¶ 8). The product to be developed pursuant to the PDA was "a portable device . . . that could read bar codes and accept PIN-code verifications . . . known as the IDstick." (Id. at ¶ 6). The IDstick includes "handheld

device technology consisting of hardware, software, firmware, interface, circuitry, cryptographic algorithms, biometric sensors, and other components used to determine a person's identity, verify/authenticate the identity, perform data encryption/decryption, provide account information storage and retrieval and other functions." (Id. at ¶ 7).

The Defendants agreed to develop the IDstick technology, and Citadel agreed to finance the operation. (Id. at ¶ 8). The end product was to be known as "SecureSwipe." (Id.) In return for the financing, Citadel "received the exclusive worldwide rights to distribute SecureSwipe for use within the Gaming and General Services Markets." (Id.)

Citadel kept its part of the PDA by funding the development of the SecureSwipe product, particularly by creating and staffing a "pin injection facility." (Doc. # 1 at ¶ 9). The facility was located in Citadel's own building in Burnaby, Canada and was "designed to create and download (or 'inject') a unique encryption key into each SecureSwipe device prior to shipment to a customer." (Id.)

The Defendants failed to perform their obligations under the PDA and took steps to undermine the development of the SecureSwipe. Particularly, the Defendants delayed production of the SecureSwipe, circumvented and interfered with Citadel's

contractual relationship with its potential customer, TradeRoot, and improperly interfered with Citadel's relationship with its key employee, Callen van den Broeck. (Id. at ¶¶ 13-22). Leaving Citadel without the product it funded and with Citadel's potential deal with TradeRoot in shambles, the Defendants terminated the contract with Citadel. (Id. at ¶ 20).

Citadel filed suit against the Defendants on September 26, 2008, alleging breach of contract (counts I and II against Cook Systems), unjust enrichment (count III against Cook Systems and Randolph Cook individually), tortious interference with existing contracts (count IV against Cook Systems and Randolph Cook individually), tortious interference with advantageous business relationships (count V against Cook Systems and Randolph Cook individually), and violation of Florida's Deceptive and Unfair Trade Practices Act (count VI against Cook Systems and Randolph Cook individually). (Doc. # 1).

On October 17, 2008, the Defendants filed both their answer and affirmative defenses to the complaint (Doc. # 4) as well as their motion to dismiss counts III, IV, and V of the complaint. (Doc. # 3). The Court denied the motion to dismiss. (Doc. # 32).

On March 12, 2009, Henry T. Sorensen, II, Esq., counsel for the Defendants, sought leave to withdraw his representation of the Defendants. (Doc. # 25). On March 24, 2009, this Court denied the motion to withdraw without prejudice because Sorensen failed to identify substitute counsel for Cook Systems, LLC. (Doc. # 28). The Court reminded Sorensen and the Defendants that corporations are "artificial entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (Id. at 2)(citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985)).

On April 21, 2009, Sorensen renewed his motion to withdraw, citing family, personal, and health concerns. (Doc. # 29). The Court granted the motion to withdraw based upon the serious issues raised by Sorensen; however, the Court directed the Defendants to secure representation of counsel within twenty days or face sanctions, including default. (Doc. # 33 at 3).

Cook Systems failed to comply with the Court's directive to obtain counsel, and on June 1, 2009, this Court entered a default against Cook Systems. (Doc. # 34). On June 11, 2009, Citadel filed its Default Motion, seeking a default judgment

against both Cook Systems and Randolph Cook, individually. (Doc. # 35).

After Citadel filed its Default Motion, Randolph Cook, individually, filed for protection under the United States Bankruptcy Code. (Doc. # 36). On June 19, 2009, the Court stayed the case as against Randolph Cook only. (Doc. # 37). On June 22, 2009, Plaintiff notified the Court of its election to proceed against Cook Systems. (Doc. # 38).

On June 26, 2009, the Court granted Citadel's Default Motion, finding that Citadel was entitled to recover the sum of $695,289.22 from Cook Systems (Doc. # 39). The Court also ordered Cook Systems to immediately furnish to Citadel all Escrow Items, as defined in the PDA.[1] (Doc. # 39). In addition, the Court directed Citadel to file a motion for attorneys' fees and costs.

Citadel has complied with the Court's order and has filed a request for attorneys' fees and costs (Doc. # 41). It appears, however, that Cook Systems has not complied with the Court's order. As explained by Citadel in its Contempt Motion, "Cook Systems has failed and refused to deliver the Escrow Items to Citadel Commerce as ordered by the Court, or

---

[1] The PDA defined Escrow Items to include "development processes, supplier contracts, engineering diagrams, firmware and software." (Doc. # 35-3 at ¶ 13).

-5-

respond in any way to Citadel Commerce's demand letter." (Doc. # 42 at 3).

**II. <u>Contempt Motion</u>**

Citadel asserts that "Cook Systems has failed and refused to comply with the Court's Order and Judgment, and no reasonable excuse has been given or exists for its failure and refusal to follow the Court's directive." (Doc. # 42 at 5). Citadel seeks an order (1) finding Cook Systems to be in civil contempt pursuant to Rule 70 of the Federal Rules of Civil Procedure; (2) sanctioning Cook Systems; (3) requiring an authorized agent of Cook Systems to appear before the Court and to deliver the Escrow Items to Citadel and swear under oath that all of the items the agent has brought constitute all of the Escrow Items.

Upon due consideration, the Court directs Cook Systems to immediately comply with its order dated June 26, 2009 (Doc. # 39). This is Cook Systems' final opportunity to comply before the Court sanctions Cook Systems and initiates contempt proceedings. Citadel shall file a status report on September 8, 2009, indicating whether Cook Systems has turned over the Escrow Items or otherwise complied with the Court's directives. In the instance that Citadel reports that Cook

Systems has failed to comply, the Court will initiate contempt proceedings.

III. **Citadel's Request for Fees and Costs**

Citadel is entitled to an award of its reasonable attorneys' fees and costs because Citadel is the prevailing party in this lawsuit, which involved a violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Florida Statute Section 501.2105(1)(2009). Although this suit involved causes of action in addition to a violation of the FDUTPA, the court in Mandel v. Decorator's Mart, Inc., 965 So. 2d 311, 314 (Fla. 4th DCA 2007), held that the statutory language of the FDUTPA contemplates recovery of attorneys' fees for hours devoted to the entire litigation and does not require allocation among various claims unless the attorneys' services were clearly not related in any way to the FDUTPA claim.[2]

Citadel seeks $186,399.30 in attorneys' fees. Florida courts and courts within the Eleventh Circuit examine the same twelve factors in determining the reasonableness of an attorneys' fees, which follow:

(1) the time and labor required;

---

[2] Further, Citadel's costs, in the amount of $400, are recoverable pursuant to Rule 54(d) of the Federal Rules of Civil Procedure.

-7-

(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal services properly;
(4) the preclusion of other employment by the attorney due to acceptance of the case;
(5) the custom[ary] fee;
(6) whether the fee is fixed or contingent;
(7) time limitations imposed by the client or the circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation, and ability of the attorney;
(10) the "undesirability" of the case;
(11) the nature and lengths of the professional relationship with the client; and
(12) awards in similar cases.

Standard Guar. Ins. Co. v. Quanstrom, 555 So. 2d 828, 834 (Fla. 1990)(quoting Johnson v. Ga. Highway Express, 488 F.2d 714 (5th Cir. 1974)).

After reviewing the declaration of Amy Marlyse Burgert, Esq., filed in support of the Fee Motion, the Court determines that it has not been supplied with enough information to grant the Fee Motion at this time, especially in light of the amount sought.

Citadel employed several attorneys, paralegals, and law clerks in this litigation, including: Amy Marlyse Burgert, Esq., Leslie Ann Hipp, Esq., Derek E. Leon, Esq., John B. Roseenquest, IV, Esq., Neeraj Verma, Esq., Kendall Burr, Esq., T.H. Waters, III, Esq., Henry Griffin, law clerk, Denise Scott, paralegal, Ann Stewart, paralegal, and Madelyn Chapoteau, paralegal.

Citadel has filed over one hundred pages of attorneys' fees invoices for the Court's review. Citadel has not provided a summary of the hourly rates charged by the professionals noted above. In addition, Citadel has not provided a summary for the Court regarding the number of hours that each of the professionals noted above expended in this case.

Furthermore, Citadel has not provided analysis regarding a number of the <u>Standard Guar. Ins. Co. v. Quanstrom</u> factors, including "the fee customarily charged in the locality for similar legal services" and "the time limitations imposed by the client or by the circumstances." 555 So. 2d at 834.

The Court determines that Citadel is entitled to recover its reasonable attorneys' fees and costs from Cook Systems; however, on the present record, the Court is unable to determine whether Citadel is entitled to the amount requested. The Court directs Citadel to supply further briefing concerning its entitlement to the amount claimed--$186,399.30--within ten days of the date of this order.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Citadel's Motion for Attorneys' Fees and Costs (Doc. # 41) and Citadel's Motion to Enforce Judgment Pursuant to

Federal Rule of Civil Procedure 70 and Motion for an Order of Civil Contempt Against Defendant Cook Systems, LLC (Doc. # 42) are **GRANTED IN PART** as follows:

(a) Cook Systems shall immediately deliver to Citadel all items that constitute Escrow Items as defined in the PDA.

(b) Citadel shall file a status report on September 8, 2009, indicating whether Cook Systems has turned over the Escrow Items or otherwise complied with the Court's directives. In the instance that Citadel reports that Cook Systems has failed to comply, the Court will initiate contempt proceedings.

(c) Citadel shall file a supplemental memorandum in support of its request for attorneys' fees within ten days of the date of this order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 20th day of August 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record
Cook Systems, LLC