UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CITADEL COMMERCE CORP.,

         Plaintiff,

v.                      Case No. 8:08-cv-1923-T-33TGW

COOK SYSTEMS, LLC, and RANDOLPH
V. COOK,

         Defendants.
_____/

## ORDER

    This matter comes before the Court pursuant to Plaintiff Citadel Commerce Corp.'s Motion to Reopen Case, Renewed Motion to Enforce Judgment Against Cook Systems, LLC, Motion for Default Judgment Against Randolph Cook, and Motion for Order of Civil Contempt Against Defendants (the "Motion" Doc. # 46), which was filed on April 12, 2010. Neither Defendant filed a response in opposition to the Motion, and the time for Defendants to respond has expired. Accordingly, the Court considers the Motion as an unopposed motion.

    For the reasons that follow, particularly because Defendants failed to respond to the Motion and because the bankruptcy petitions filed by both Defendants have been dismissed by the Bankruptcy Court, the Court will grant the Motion as specified herein.

## I. **Factual Background**

Citadel and the Defendants (Cook Systems, LLC and Randolph V. Cook) entered into a product development agreement ("PDA") on June 30, 2004. (Doc. # 1 at ¶ 8). The product to be developed pursuant to the PDA was "a portable device . . . that could read bar codes and accept PIN-code verifications . . . known as the IDstick." (Id. at ¶ 6). The Defendants agreed to develop the IDstick technology, and Citadel agreed to finance the operation. (Id. at ¶ 8). The end product was to be known as "SecureSwipe." (Id.) In return for the financing, Citadel "received the exclusive worldwide rights to distribute SecureSwipe for use within the Gaming and General Services Markets." (Id.)

Citadel kept its part of the PDA by funding the development of the SecureSwipe product. (Doc. # 1 at ¶ 9). However, the Defendants failed to perform their obligations under the PDA and took steps to undermine the development of the SecureSwipe.

## II. **Procedural History**

Citadel filed suit against Defendants on September 26, 2008, alleging breach of contract (counts I and II), unjust enrichment (count III), tortious interference with existing contracts (count IV), tortious interference with advantageous

business relationships (count V), and violation of Florida's Deceptive and Unfair Trade Practices Act (count VI). (Doc. # 1).

On October 17, 2008, the Defendants filed both their answer and affirmative defenses to the complaint (Doc. # 4) as well as their motion to dismiss counts III, IV, and V of the complaint. (Doc. # 3). The Court denied the motion to dismiss. (Doc. # 32).

On March 12, 2009, Henry T. Sorensen, II, Esq., counsel for the Defendants, sought leave to withdraw his representation of Defendants. (Doc. # 25). On March 24, 2009, this Court denied the motion to withdraw without prejudice because Sorensen failed to identify substitute counsel for Cook Systems, LLC. (Doc. # 28). The Court reminded Sorensen and Defendants that corporations are "artificial entities that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (<u>Id.</u> at 2)(citing <u>Palazzo v. Gulf Oil Corp.</u>, 764 F.2d 1381, 1385 (11th Cir. 1985)).

On April 21, 2009, Sorensen renewed his motion to withdraw, citing family, personal, and health concerns. (Doc. # 29). The Court granted the motion to withdraw based upon the serious issues raised by Sorensen; however, the Court directed Defendants to secure representation of counsel within

twenty days or face sanctions, including default. (Doc. # 33 at 3).

Cook Systems failed to comply with the Court's directive to obtain counsel, and on June 1, 2009, this Court entered a default against Cook Systems. (Doc. # 34). On June 11, 2009, Citadel filed its Default Motion, seeking a default judgment against both Cook Systems and Randolph Cook.(Doc. # 35).

After Citadel filed its Default Motion, Randolph Cook, individually, filed for protection under the United States Bankruptcy Code. (Doc. # 36). On June 19, 2009, the Court stayed the case as against Randolph Cook, only. (Doc. # 37). The Court directed Randolph Cook to file status reports concerning the bankruptcy proceedings (Doc. # 37), but Randolph Cook completely failed to comply and did not file a single status report.

On June 22, 2009, Plaintiff notified the Court of its election to proceed against Cook Systems. (Doc. # 38). On June 26, 2009, the Court granted Citadel's Default Motion, finding that Citadel was entitled to recover the sum of $695,029.22 from Cook Systems (Doc. # 39). The Court also ordered Cook Systems to immediately furnish to Citadel all

Escrow Items, as defined in the PDA.[1] (Doc. # 39). In addition, the Court directed Citadel to file a motion for attorneys' fees and costs. Citadel filed a motion for attorneys' fees and costs on July 6, 2009. (Doc. # 41). The Court directed Citadel to file a supplemental memorandum in support of the fees requested. (Doc. # 43). On June 29, 2009, the Clerk entered a Judgment against Cook Systems, LLC in the amount of $695,029.22. (Doc. # 40). On August 21, 2009, Citadel advised the Court that Cook Systems, LLC filed for protection under Chapter 13 of the United States Bankruptcy Code. (Doc. # 44).

On August 24, 2009, the Court stayed and administratively closed the case because both Defendants were in bankruptcy proceedings. (Doc. # 45).

## III. <u>Conclusion of Bankruptcy Proceedings and Request to Enforce Judgment and Orders</u>

Citadel informs the Court in the Motion that the bankruptcy petitions filed by each Defendant have been dismissed by the Bankruptcy Court. (Doc. # 46-2, 46-3). Accordingly, Citadel requests an order (1) lifting the stay and reopening this case; (2) enforcing the Judgment (Doc. #

---

[1] The PDA defined Escrow Items to include "development processes, supplier contracts, engineering diagrams, firmware and software." (Doc. # 35-3 at ¶ 13).

40) entered against Cook Systems on June 26, 2009; (3) sanctioning Cook Systems and Randolph Cook in a sum not less than $15,000 as compensation to Citadel for having to bring its First Motion to Enforce the Judgment (Doc. # 42) and the present Motion (Doc. # 46) and to ensure Cook Systems' compliance with the Court's Orders and Judgment (Doc. # 40); (4) ordering Randolph Cook, as an authorized agent of Cook Systems with authority to bind Cook Systems, to appear before the Court and bring all Escrow Items, to swear under oath that all of the items brought to the Court constitute all of the Escrow Items, and to be questioned regarding the spoliation of Escrow Items; (5) striking Randolph Cook's answer and entering a default against Randolph Cook, individually; and (6) granting Citadel's attorneys' fees and costs.

The Court has given careful consideration to the Motion and determines that it is appropriate to grant the Motion in stages. First, the Court lifts the previously imposed stay of the proceedings and reopens this case. The Court also directs the Clerk to strike Randolph Cook's answer and affirmative defenses from the record as a penalty for Randolph Cook's failure to comply with Court orders. The Clerk shall, thereafter, enter a Rule 55(a) default against Randolph Cook. After the Clerk enters a Rule 55(a) default against Randolph

Cook, Citadel should file a motion for final default judgment against Randolph Cook.

In addition, Citadel should file a detailed memorandum in support of the attorneys' fees requested within ten days of the date of this Order. This Court will hold an evidentiary hearing on Thursday, June 10, 2010, at 9:45 a.m., to resolve any other matters, including contempt issues raised in the Motion. At the June 10, 2010, hearing, Randolph Cook, as an authorized agent of Cook Systems with authority to bind Cook Systems, shall appear before the Court and bring all Escrow Items to the hearing. Randolph Cook shall also be prepared to swear under oath that all of the items that he has brought constitute all of the Escrow Items (as defined in the PDA) and shall be prepared to answer the Court's and counsels' questions regarding spoliation of the Escrow Items.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Plaintiff Citadel Commerce Corp.'s Motion to Reopen Case, Renewed Motion to Enforce Judgment Against Cook Systems, LLC, Motion for Default Judgment Against Randolph Cook, and Motion for Order of Civil Contempt Against Defendants (Doc. # 46) is granted as follows:

(A) The stay of the proceedings is lifted and the case is **REOPENED**.

(B) The Clerk is directed to **STRIKE** Randolph Cook's answer and affirmative defenses (Doc. # 4) and thereafter, to **ENTER** a Rule 55(a) default against Randolph Cook.

(C) Citadel shall file a detailed memorandum in support of its Motion for Attorneys' Fees and Costs (Doc. # 41) within ten days of the date of this Order.

(2) The Court will hold an evidentiary hearing on **Thursday, June 10, 2010, at 9:45** a.m., as specified above.

(3) The Clerk is directed to issue a separate notice for the evidentiary hearing.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of May 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel and Parties of Record